MUNICIPALITY OF PONCE, PLAINTIFF AND APPELLANT, *v.* SOLÍS, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action for Abatement of Nuisance.

No. 1395.—Decided June 13, 1916.

NUISANCE—COMPLAINT—CAUSE OF ACTION.—The mere allegation in a complaint that the facts recited therein show a public nuisance is not the setting out of facts sufficient to constitute a cause of action for such public nuisance.

ID.—HURT, INCONVENIENCE OR DAMAGE.—A public nuisance must produce a hurt, inconvenience or damage similar to, if not greater than, a private nuisance, as it generally extends to a greater number of persons.

ID.—MUNICIPAL ORDINANCE—REPAIRS TO BUILDING.—The mere violation of a municipal ordinance by making additions or repairs to a building in excess of the permit granted by the municipality does not constitute a public nuisance.

INJUNCTION—REPAIRS TO BUILDING—PERMIT.—An injunction may be granted to enjoin additions or repairs to a building when the permit granted by the sanitary or municipal authorities is abused or exceeded.

ID.—REPAIRS TO BUILDING—DAMAGE—BAD FAITH—MUNICIPAL ORDINANCE—SANITARY REGULATIONS.—An injunction will not be granted when the work of construction, repairs or additions to a building in excess of the permit given by the municipal or sanitary authorities is not harmful or made in bad faith, or the house itself violates some municipal ordinance or sanitary regulation.

GOOD FAITH—PRESUMPTION.—Good faith is not only presumed but, in the absence of proof to the contrary, must be regarded as certain.

The facts are stated in the opinion.

*Messrs. Alfonso Lastra Charriez* and *Nemesio R. Canales* for the appellant.

*Mr. Francisco Parra* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The theory of the complaint in this case was that the defendant, in excess of the permission given to him by the

municipality, made additions or constructions to his house, thereby committing a public nuisance, and hence an injunction was prayed. The complaint, among other things, recites that the defendant had been convicted for the violation of the municipal ordinance in this regard; that he arrogantly disregarded these convictions and continued to build his house; that such construction was a public nuisance, and that by reason of such illegal construction the complainant, the municipality, was deprived of its power to make its ordinance obeyed and was thus losing the respect and regard of the community. There were no other facts set up in the complaint tending to show a public nuisance. To say in a complaint that the facts recited therein constitute a public nuisance is not the setting out of the facts to constitute a cause of action for such public nuisance. We shall not discuss all the technical questions as to what person or persons have a right to bring an action to abate a public nuisance, for a reading of the complaint convinces us that it could never be sustained on the theory of a public nuisance. We have recently had occasion to discuss some of the essential qualities of a private nuisance (*Gierbolini* v. *Succession of Rodríguez,* 23 P. R. R. 808; *Colls* v. *Municipality of Lares,* 23 P. R. R. 805) and a public nuisance must be of a similar, if not a greater, hurt, inconvenience, or damage, generally extending to a greater number of persons.

The defendant answered, the case went to trial and the court denied the injunction, from which order this appeal was taken. No additional facts were developed at the trial establishing a public nuisance. There was proof tending to show that the defendant did exceed the authority to build or construct given him by the municipality. In its brief the appellant says that the finished building might subject the municipality to the action of other citizens on contiguous property, inasmuch as the building of the defendant was completed without being subjected to the regulations that hygiene or municipal ornament would require. But it was not made

apparent by the complaint or at the trial that the defendant had done anything or failed to perform any duty that would give to his neighbors a right of action against him. The mere violation of a municipal ordinance does not constitute a public nuisance.

The complaint, however, is perhaps open to the theory that the action was brought to prevent a violation of a municipal ordinance or similar theory. The answer of the defendant and the proof submitted at the trial support this view. The appellant, although seeking to justify the existence of a public nuisance, insisted that the principal issue was whether the defendant had or had not exceeded the permission to construct accorded to him by the community. Although there is no opinion filed, there is enough in the record to make it seem probable that the court viewed the case from this standpoint. In other words, we apprehend that the court refused the injunction because it considered that the appellant had failed to make out a case sufficient for the application of that extraordinary remedy.

There was evidence at the trial to the effect that Juan Solís, desiring to make alterations in his house, went first to the local chief of the health service and obtained a permit to make repairs, to consist in changing the floors and walls (*setos*) of his house and to give the interior and exterior doors and windows permanent ventilation, to construct a sanitary toilet in accordance with the plans of the health authorities and to annex a little house that was in the yard. We understand that the municipal regulations require the previous authorization of the health authorities before an applicant is given permission to build. Be this as it may, the permit so granted was presented to the municipal authorities along with the application to repair. The permit granted the defendant by the municipality was solely to repair his house and gave him no authority to add a story thereto.

The complainant at the trial presented evidence tending to show that the defendant added an entirely new story to

his house and that the house as finished was an entirely new building. We think that the appellant, technically at least, is right in saying that the defendant did exceed the authority conferred upon him by the municipality. We are inclined to think also that if the appellant had, at the proper time, made application to prevent the construction in excess of such authority, a writ of injunction would have been properly granted.

On the other hand, there is no satisfactory proof, if any, of bad faith. Not only is good faith presumed, but after the general finding of the court in favor of the defendant, such good faith, in the absence of clear proof to the contrary, must be taken as a fact. The appellee obtained permission from the health authorities to make extensive repairs and this he submitted to the municipal authorities along with his application for the permit from the latter. He presented his plans to the health authorities and not only did they make no objection to the building, but there are indications in the record that the house was made rat-proof and other things were done to put the whole in excellent condition.

It is conceded that the house is finished and the trial developed no fact to convince us that the finished building is in violation of any municipal regulation.

Even if it could be supposed, as intimated by the appellant, that the appellee tricked the municipal authorities, yet, in the absence of a showing that the result was harmful in some way, we should doubt if an injunction ought to be granted. However, the bad faith was not established and although we agree with the appellant that the right to repair does not include the right to construct a new building, still we think that the appellee might easily, in view of the extensive repairs proposed by the health authorities, think he had a right to go further and add another floor. Matters of health have necessarily taken a very important role in this island.

We see no grounds for the issuance of a writ of injunction and the order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.